Lee R. SHELTON, Plaintiff–Appellant,

v.

Katherine A. WILSON (Krysl) and Philip L. Krysl, Defendants–Appellees.

No. 04–35658.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2006.

Filed June 23, 2006.

Lee R. Shelton, Eugene, OR, pro se.

Judson M. Carusone, Esq., Bromley Newton, LLP, Eugene, OR, for Defendants–Appellees.

Before: TASHIMA, and W. FLETCHER, Circuit Judges, and POLLAK,* District Judge.

## MEMORANDUM **

Appellee Katherine Wilson owed $636.87 to ATEZ, an asbestos removal firm. On March 18, 2002, appellant Lee Shelton purchased the claim from ATEZ. Subsequently, Wilson and her husband, appellee Philip Krysl, filed for bankruptcy under chapter 7 in the Oregon Bankruptcy Court. Wilson and Krysl listed Shelton as an unsecured creditor. Shelton initiated an adversary proceeding seeking to bar discharge of his claim. Wilson and Krysl contended that Shelton lacked standing to bring the adversary proceeding because he was not, with respect to the claim at issue, a "creditor" within the meaning of 11 U.S.C. § 523(a). Shelton lacked "creditor" status, so it was argued, because (1) he was, within the intendment of the governing Oregon statute, a "collection agency," namely "any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed, due or asserted to be owed or due to another person or to a public body," Or.Rev.Stat. § 697.005(1)(a)(A), but (2) had not registered with the Oregon Department of Consumer and Business Services as collection agencies are re-

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

quired to do before engaging in debt collection. Or.Rev.Stat. § 697.015. Shelton, in response, contended that he was exempt from the registration requirement because he came within an express statutory exclusion from the definition of "collection agency,"—namely, an exclusion of persons engaged in "factoring services," which the statute defines as "[s]oliciting or collecting on accounts that have been purchased from commercial clients under an agreement[.]" Or.Rev.Stat. § 697.005(1)(b)(L)(ii). Shelton argued that ATEZ's written assignment to him of the of the $636.87 indebtedness constituted the necessary "agreement." [1]

In a thoughtful and well-crafted opinion—an opinion which analyzed the text, the commercial context, and the legislative antecedents of the Oregon statute in scrupulous detail—Chief Bankruptcy Judge Radcliffe found Shelton's contention lacking in merit:

> If Plaintiff's interpretation prevails, (and all that is required is an agreement to sell or assign an individual account), then the exclusion, in essence, consumes the whole. Any "collection agency" could qualify for the statutory exclusion for providing "factoring service".... Here, Plaintiff admits that he had no

underlying financing agreement or any other agreement for the purchase of ATEZ's accounts. Accordingly, the court concludes that Plaintiff satisfies the definition of a collection agency but does not qualify for the exclusion for the providing of "factoring services."

*In re Krysl and Wilson,* 304 B.R. 425, 431 (Bankr.D.Or.2004).

Shelton appealed to the Oregon District Court. In an equally thoughtful opinion, District Judge Aiken agreed with the Bankruptcy Court's holding that Shelton is an unregistered collection agency that does not qualify for the "factoring services" exemption. *In re Krysl and Wilson,* 311 B.R. 566, 569–72 (D.Or.2004). Judge Aiken also rejected Shelton's newly raised constitutional due process claims.[2] *Id.* at 572.

Having conducted a *de novo* review of the record, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), we agree with and will adopt the district judge's analysis on all claims raised by Shelton in this appeal.

**AFFIRMED.**

---

1. For the first time on this appeal, Shelton also argues that he does not qualify as a "collection agency." Though it is not clear that this argument was properly presented before the District Court, we now summarily reject this claim because Shelton's relationship with both ATEZ and Wilson/Krysl falls squarely within Oregon's definition of "collection agency." One qualifies as a "collection agency" by engaging in either of two acts. First, an individual who is "soliciting claims for collection" qualifies as a collection agency, and Shelton came within this definition when he solicited ATEZ for the disputed claim so that he might collect on it. Or.Rev. Stat. § 697.005(1)(a)(A). Second, the Oregon legislature also describes a collection agency as any individual who is "attempting to collect" the claims "asserted to be owed" to

another party, which is what Shelton is currently trying to do by way of this litigation. *Id.* Consequently, Shelton is acting as a collection agency in his relationship with ATEZ and Wilson/Krysl.

2. Shelton argues that he was deprived of his Fifth Amendment right to due process because he claims to have not received proper notice that an injunction might issue at a hearing held on April 14, 2003. Such notice, he asserts, would have allowed him to call helpful witnesses on his behalf. Shelton additionally argues that he was denied the opportunity to assert two affirmative defenses to Wilson and Krysl's counterclaims. Judge Aiken properly found these claims to be without merit.